GULF, C. & S. F. RY. CO. v. ROSENTHAL DRY GOODS CO. (No. 377.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 6, 1918. Rehearing Denied Dec. 11, 1918.)

1. CARRIERS ⊙134—LOSS OF GOODS—EVIDENCE.

Proof that goods were securely packed when delivered to steamship company, and the container was identified by marks placed thereon, and was delivered to the carrier in apparent good order, nothing about the box indicating that it had been tampered with, met the requirement that plaintiff, to recover for loss of goods, must establish delivery of the goods to the carrier.

2. CARRIERS ⊙134 — LOSS OF GOODS — EVIDENCE.

The requirement that the consignee to recover for loss of goods must show that they were delivered to the carrier does not require the proof to be such as to shut out every possibility of error, but requires only such proof as will convince a reasonable man.

3. CARRIERS ⊙60—DELIVERY OF GOODS—EFFECT OF RECEIPT.

A receipt taken by a carrier for goods is prima facie, but not conclusive, proof of delivery.

4. EVIDENCE ⊙433(11)—PAROL—RECEIPT BY MISTAKE.

Where consignee sued for loss of goods, and the carrier produced a receipt, the consignee was properly allowed to show that the receipt was inadvertently given when the goods were not delivered.

Appeal from Jefferson County Court; D. P. Wheat, Judge.

Action by the Rosenthal Dry Goods Company against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

F. J. & C. T. Duff, of Beaumont, for appellant.

Lipscomb, Gordon & Lipscomb, of Beaumont, for appellee.

---

⊙For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

BROOKE, J. This is an action brought by appellee against appellant and a transfer company for the value of certain items of dry goods alleged to have been delivered to the appellant for transportation at Galveston, Tex., and either lost or converted by appellant or the transfer company. The suit originated in the justice's court, and on appeal to the county court there was a judgment in favor of the transfer company, of which no complaint is made, and judgment for appellee against appellant, from which this appeal is perfected.

Appellee purchased the goods in controversy from H. B. Claflin & Co. in August, 1914. They were properly packed and delivered in good order by that company to the Mallory Steamship Company for transportation by water from New York City to Galveston, and reached Galveston about September 12th. The box in which the goods were packed was properly marked for identification with weight, character of goods, and other notations thereon. The goods reached Galveston in what is known as a bulk shipment with other goods, and were consigned by H. B. Claflin & Co. to themselves, and at that point their agent broke up the shipment, consigning the various portions to their final destination, and the particular box in controversy was thus handled, and by him delivered to appellant about September 12, 1914, consigned to appellee at Beaumont. The testimony shows the items placed in the box at the time it was delivered to the Mallory Steamship Company, and their value, and it also shows that the box was in good condition when delivered to appellant, and receipted for by it as in apparent good order and condition, but the box is not shown to have been opened or its contents examined after leaving New York. Appellant specially pleaded in its answer delivery of the goods in controversy by it to the Merchants' Transfer Company at Beaumont, which company was duly authorized to receive and receipt for same by appellee, and specially pleaded written receipt given by the transfer company for the said goods. The authority of the transfer company to execute the receipt was not disputed by appellee, and the receipt itself was offered in evidence, and shows that the goods were receipted for by one of the transfer company's drivers in September, 1914. The appellee did not, by any plea, attack this receipt, either by denying its execution, or fraud or mistake, but it was shown, over appellant's protest, that although the receipt was duly signed as pleaded, still the goods were not in fact received by the transfer company, but after signing the receipt for the goods described in the waybill, the driver immediately discovered that the box was missing when he loaded the goods from the warehouse, and immediately he reported the shortage to the appellant's agent, for whom he had signed the receipt, and the agent promised to trace them and deliver them when they arrived. It was shown to be the custom to sign receipts for freight at the office before actually receiving them, and then check the items from the warehouse, where missing items were discovered and reported, and this transaction was carried on in the usual way. This explanation of the receipt was received and considered by the trial court, and, in connection with the other testimony, held to establish appellee's contention that the goods had never been delivered to it by appellant.

Complaint is made of the refusal of the trial court to enter judgment for appellant at the conclusion of appellee's evidence, on the ground that plaintiff failed to show by competent evidence that the goods were ever delivered to appellant, their evidence going no further than showing the delivery of the box to appellant, without showing its contents or value at that particular time, or that its contents were the same, or in the same condition, or of the same value as when delivered to the Mallory Steamship Company, in whose possession the box is shown to have been for 10 days before being delivered to appellant, and the contention is made that to sustain the judgment, the condition and value of the goods when delivered to the steamship company must be considered, and the presumption will be indulged that they remained the same until delivered to appellant for transportation.

[1, 2] The goods were shown to have been securely packed in a proper box when they were delivered to the Mallory Steamship Company, and this box was identified by peculiar and distinguishing marks placed upon it, and is shown to have reached Galveston and to there have been delivered to appellant in apparent good order. There was nothing about the box to indicate its having been tampered with or damaged. It was of the same weight, and had been handled in the regular way. We think that this proof met the requirement that to recover in this character of action, the burden of proof rests upon the plaintiff to establish delivery of the goods to the carrier. This requirement, however, does not go so far as to shut out every possibility of error, but simply means that the proof offered shall be sufficient to fix the belief in the minds of reasonable men that the particular goods were in fact delivered to the carrier for transportation. We do not think that it was incumbent upon the shipper to reopen this box at Galveston upon delivery to appellant to discover if the goods originally placed in the box were still there. On the contrary, we think the evidence sufficient to authorize the finding that the goods placed in the box in New York were still there when the box was delivered to appellant, and that the goods were in the same condition and of the same value.

Appellant complains of the evidence re-

ceived by the trial court to the effect that the goods were not, in fact, received by the Merchants' Transfer Company, thereby contradicting its written receipt pleaded and proved by the carrier. This contention is based upon the fact that the appellant did not answer appellant's pleading setting up the plea of non est factum or pleading the execution by fraud, accident, or mistake.

[3, 4] Where a pleading, if founded on writing, is made, such pleading must be answered by the same character of plea attacking or avoiding the writing. In this case, however, the receipt was but evidence to the plea and contention of appellant that it had made delivery of the goods. It was prima facie proof of the delivery of the goods to the transfer company, but not conclusive, and was subject to contradiction or explanation. The issue was not whether the receipt was given, but whether the goods were delivered. The giving of the receipt was not disputed, but that was not the issue to be settled. Prima facie case of delivered goods can be overturned by showing that the goods had never been delivered, notwithstanding the receipt, and the sufficiency of the evidence in this regard is not disputed in this case. Burk v. County of Galveston, 76 Tex. 276, 13 S. W. 455.

We have carefully examined this record, and we find no error in the judgment, and it is therefore affirmed.